Magistrate Judge Paula L. McCandlis

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>HERBERT T. BROWN,<br><br>Defendant. | CASE NO. MJ26-164<br><br>COMPLAINT for VIOLATION<br><br>Title 18, U.S.C. Section 922(g)(1) |

BEFORE, Paula L. McCandlis, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

### (Unlawful Possession of Firearms)

On or about March 4, 2026, in King County, within the Western District of Washington, HERBERT TERRY BROWN, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

Complaint - 1
*United States v. Brown* USAO No. 2026R00348

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      i.     *Child Molestation in the Second Degree*, in King County Superior Court, under case number 19-1-01516-7 SEA, on or about May 8, 2020; and

      ii.     *Communication with a Minor for Immoral Purposes*, in King County Superior Court, under case number 18-C-06666-9 SEA, on or about May 8, 2020; and

      iii.     *Rape of a Child in the Third Degree*, in King County Superior Court, under case number 17-1-02924-2 SEA, on or about May 8, 2020;

knowingly possessed, in and affecting interstate and foreign commerce, firearms, that is: a Bersa Thunder 380 cc pistol and a Kimber Pro Tactical II, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

I, Zane Davis, being first duly sworn on oath, depose and say:

## TRAINING AND EXPERIENCE

1.     I am a Special Agent with the United States Department of Justice (DOJ), Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since January 2022. I am currently assigned to the ATF Puget Sound Regional Crime Gun Task Force in Seattle, Washington. In this capacity, I enforce federal criminal laws relating to the unlawful possession, use and trafficking of firearms. I also investigate individuals who illegally use firearms to commit violent crimes.

2.     I received a Bachelor of Science degree in Law and Public Policy from Indiana University in Bloomington, Indiana. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrest for, offenses enumerated in Title 18, United States Code, Section 2516.

3.     I received training at the Federal Law Enforcement Training Center in Glynco, Georgia. While there, I completed the Criminal Investigator Training Program which provided me knowledge of basic criminal investigations, including systematic techniques for processing crime scenes, interviewing witnesses, gathering evidence, and

Complaint - 2
*United States v. Brown* USAO No. 2026R00348

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conducting surveillance. Additionally, I have completed the ATF Special Agent Basic Training program at Glynco, Georgia, which included extensive training on firearms and ammunition identification, firearms trafficking, alcohol and tobacco diversion investigations, explosives and arson investigations, and undercover operations.

4. The facts in this affidavit come from my own personal knowledge and observations; my training and experience; information obtained from other agents and witnesses; review of documents and records related to this investigation; and communications with others who have personal knowledge of the events and circumstances described herein. This affidavit is intended to show merely that there is sufficient probable cause for the requested Complaint, and therefore does not set forth all of my knowledge about this matter.

## SUMMARY OF INVESTIGATION

5. On May 8, 2020, HERBERT TERRY BROWN was sentenced to a total term of confinement of fifty-seven months in custody following his convictions for Child Molestation Second Degree, in King County Superior Court under cause number 19-1-01516-7 SEA, Communication with a Minor for Immoral Purposes, in King County Superior Court under cause number 18-C-06666-9 SEA, and Rape of a Child Third Degree, in King County Superior Court under cause number 17-1-02924-2 SEA.

6. Following incarceration, BROWN was under the supervision of the Washington Department of Corrections (DOC) and required to abide by a series of conditions and prohibitions. On April 14, 2022, BROWN reviewed his Washington DOC Conditions, Requirements, and Instructions, acknowledged his obligations pursuant to the sentence, and agreed to comply with the conditions of his supervision. Among other requirements, these conditions prohibited the possession of firearms, ammunition, the use of unapproved internet capable devices and related internet activity.

7. On March 4, 2026, BROWN was arrested by DOC Community Corrections Officers (CCOs) Jaylen Taylor and Zachary Vadars for violating the following conditions of community custody: (1) unapproved residence change for a sex offender since on or

Complaint - 3
*United States v. Brown* USAO No. 2026R00348

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

about February 9, 2026[1]; (2) refusal of search on or about March 4, 2026; (3) possession of five unapproved internet capable smartphones; (4) possession of three unapproved internet capable laptops; (5) possession of a Bersa Thunder 380 cc pistol; and (6) possession of a Kimer Pro Tactical II.

8. On February 16, 2026, CCO Vaders observed and recorded several videos posted twenty-three hours earlier on a Snapchat account DOC associated with BROWN that caused CCO Vaders to believe BROWN had access to firearms in violation of the conditions of his supervision. In the first two videos, CCO Vaders observed an adult male he believed to be BROWN wearing a face mask with white lettering and symbols on it and the word "$AVAGE" with a symbol of a broken heart just beneath the lettering. CCO Vaders observed the adult male holding and displaying a pistol that appeared to be gunmetal gray or black with a silver trigger, hammer, and barrel. In the two videos, the adult male believed to be BROWN discussed the firearm he is holding as "…probably the best gun I ever had blood, for real for real." The third video CCO Vaders observed posted on the same Snapchat account two months earlier depicted BROWN absent a facemask. BROWN's former CCO, Corrections Specialist (CS) Stevens subsequently reviewed the videos and confirmed that the three videos described above depict BROWN.

9. On February 17, 2026, DOC scheduled Brown to report to his assigned CCO, Jaylen Taylor at the DOC office located in Kent, Washington. In advance of Brown's arrival, DOC officers surveilled the area surrounding the DOC office. Corrections Specialist (CS) Stevens observed BROWN get into a Chevy Monte Carlo bearing Washington license plate CTT4484 and leave the area. Shortly thereafter, CS Stevens drove by the prohibited 14th Avenue SW address and observed the same Monte Carlo parked in space #53.

10. On February 18, 2026, CCO Vaders observed BROWN access the passenger front seat of a Chevy Trailblazer bearing Washington license plate CTU9586

[1] 14th Avenue SW #D-2, Seattle, Washington is the address DOC prohibited BROWN from residing due to its proximity to an elementary school and his status a registered sex offender.

Complaint - 4
*United States v. Brown* USAO No. 2026R00348

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

parked nearby the prohibited 14th Avenue SW address. CCO Vaders subsequently confirmed with the Department of Licensing that BROWN's girlfriend (GIRLFRIEND) is the registered owner of both vehicles with the prohibited 14th Avenue SW address as the address of registration. CCO Vaders further confirmed that BROWN had no vehicles registered with the Department of Licensing.

11. On February 19, 2026, CCO Vaders observed both vehicles parked in the prohibited address parking lot. CCO Vaders reviewed BROWN's DOC location monitoring and confirmed his presence at the prohibited address.

12. On February 26, 2026, CS Stevens observed BROWN drive the Monte Carlo out of the DOC parking lot after a scheduled meeting with CCO Taylor. Meanwhile, CCO Vaders surveilled the prohibited address and observed BROWN returning solo to the apartment complex driving the Monte Carlo.

13. On March 4, 2026, CCO Vaders and additional DOC officers and law enforcement coordinated an arrest of BROWN as he walked with GIRLFRIEND on Airport Way South, Seattle, Washington. CCO Vaders photographed the following relevant items recovered from BROWN's pockets incident to arrest:

   a. an unapproved Samsung SM-F721U;

   b. a black ski mask with white lettering "$AVAGE" with a symbol of a broken heart just beneath the lettering; and

   c. an unapproved BLU cellphone.

14. Following advisement and waiver of his constitutional rights, BROWN confirmed the BLUE cellphone was his, but claimed the Samsung cellphone belonged to GIRLFRIEND. BROWN acknowledged using the phone and the screen depicted BROWN's mother and brother. Further, BROWN admitted residing at the prohibited address for at least two weeks, driving the Monte Carlo earlier that morning, and reported the Trailblazer belonged to him.

15. During BROWN's interview, officers communicated with GIRLFRIEND, who reported BROWN possessed a firearm since "summer" and gave it to her to hold. GIRLFRIEND disclosed the firearm was inside of her purse inside of the Monte Carlo.

Complaint - 5
*United States v. Brown* USAO No. 2026R00348

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GIRLFRIEND confirmed both vehicles are registered to her, but reported she cannot drive or otherwise use the vehicles. GIRLFRIEND confirmed BROWN resided with her for the past few months. GIRLFRIEND reported the Samsung cellphone recovered from BROWN's pocket belongs to BROWN. GIRLFRIEND showed officers her iPhone and retrieved phone contact information for BROWN under the name "Daddy" which listed BROWN's DOC registered phone number and a second number. CCO Vaders subsequently dialed the second number which rang the Samsung phone recovered from BROWN's pocket incident to arrest.

16.    BROWN subsequently denied the Monte Carlo belonged to him and claimed the gun inside belonged to GIRLFRIEND.

17.    During a search of the Monte Carlo, CCO Vaders located GIRLFRIEND's purse on the passenger front seat containing a Bersa Thunder 380cc pistol bearing serial #A49652 containing five rounds of .380 caliber ammunition including one round in the chamber. The purse also contained GIRLFRIEND's bank card. Inside the glove box, CCO Vaders located a Kimber Pro Tactical II pistol bearing serial #KRT1238 which contained seven rounds of .45 caliber ammunition including one round in the chamber. The vehicle contained BROWN's mail, medical records, and veterinary records. GIRLFRIEND's DOL records were also observed. When asked about the Kimber Pro Tactical II pistol, GIRLFRIEND confirmed it belonged to BROWN.

18.    DOC officers transported BROWN to the prohibited address located on 14th Avenue SW, where he resided with GIRLFRIEND in violation of the terms of community custody. CCO Vaders and the search team seized the following evidence from this location:

    a.   one .45 caliber ammunition round found on a dresser;
    b.   a digital scale;
    c.   small plastic bags;
    d.   a Lenovo laptop;
    e.   a HP laptop;
    f.   an ASUS laptop;

Complaint - 6
*United States v. Brown* USAO No. 2026R00348

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g. two .45 caliber ammunition rounds on kitchen counter;

h. eight .45 caliber ammunition rounds in a kitchen drawer;

i. two BLU cellphones in a kitchen drawer;

j. four cellular phones were recovered from the living room area;

k. DOC business cards with reporting instructions;

l. Bank cards, identification cards, and medications listing BROWN's information; and

m. photos depicting BROWN and a child.

19. On March 12, 2026, ATF SA Cole, a certified Interstate Firearms and Ammunition Nexus Expert, who has been trained in the recognition of firearms and ammunition and their origin of manufacture, examined photos and was provided descriptions of the following firearms:

a. Kimber, Pro Tactical II, .45 caliber pistol, with serial number KRT1238; and

b. Bersa, Thunder 380 CC, .380 caliber pistol, with serial number A49652

20. SA Cole determined that the above-listed firearms were not manufactured in the state of Washington. Based upon her experience, knowledge, and research, it also SA Cole's opinion that the above-listed firearms meet the definition of a firearm under Title 18, United States Code, Section 921(a)(3). Furthermore, it is SA Cole's opinion that, because the above-listed firearms were not manufactured in the state of Washington, they therefore must have traveled in, and thereby affected, interstate commerce if they were received or possessed in the state of Washington.

//

//

Complaint - 7
*United States v. Brown* USAO No. 2026R00348

**CONCLUSION**

21.     Based on the above facts, I respectfully submit that there is probable cause to believe that HERBERT TERRY BORWN did knowingly and intentionally unlawfully possess firearms, in violation of Title18, United States Code, Section 922(g)(1).

Zane Davis
Digitally signed by Zane Davis
Date: 2026.03.12
15:27:48 -07'00'

ZANE DAVIS, Complainant
Special Agent, Bureau of Alcohol,
Tobacco, Firearms, and Explosives

Based on the Complaint and Affidavit sworn to before me telephonically, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 13th day of March, 2026.

PAULA L. MCCANDLIS
United States Magistrate Judge

Complaint - 8
*United States v. Brown* USAO No. 2026R00348

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970